UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT D. CHUDOMELKA, II,<br><br>            Plaintiff,<br><br>    vs.<br><br>GRANT COUNTY JAIL, LT. KERRI ADLER, OFFICER RAY HARRINGTON, and OFFICER SCOTT MYERS,<br><br>            Defendants. | NO.  CV-07-010-LRS<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

   BEFORE THE COURT is Defendant Kathleen Holloway's Motion for Summary Judgment, Ct. Rec. 29, filed on February 26, 2008; and Defendants Kerri Adler, Grant County Jail, Ray Harrington, and Scott Myers' Motion for Summary Judgment, Ct. Rec. 42, filed May 27, 2008. Plaintiff, proceeding *pro se,* has failed to file a response to either summary judgment motion despite the Court granting Plaintiff's request for a 30-day extension of time on May 13, 2008.  Ct. Rec. 41.

   **PLAINTIFF'S FAILURE TO FILE OBJECTION TO MOTIONS**

   In general, under Local Rule 7.1(h)(5), a party who fails to file a timely objection to a motion is deemed to have waived objection.  It is well-established law in this circuit, however, that Federal Rule of Civil Procedure 56 requires the Court to examine the merits of a

ORDER - 1

motion for summary judgement even though a nonmoving party fails to object as required by Local Rule 7.1.  *See Henry v. Gill Industries, Inc.*, 983 F.2d 943 (9th Cir. 1993) (local rule that requires entry of summary judgment simply if no papers opposing motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with summary judgment rule and, thus, would violate federal rule that allows local rules only if they are "not inconsistent" with federal rules).

### DEFENDANT HOLLOWAY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's claims against Ms. Holloway, a Physician Assistant, arise out of medical care and treatment she provided to the plaintiff while he was incarcerated at the Grant County Jail in Ephrata, Washington.  In the State of Washington, all claims for damages arising out of health care must be asserted under RCW 7.70. In 2006, the Washington Legislature amended RCW 7.70 to require pre-suit notice of claim to the health care provider:

> No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action. The notice required by this section shall be given by regular mail, registered mail, or certified mail with return receipt requested, by depositing the notice, with postage prepaid, in the post office addressed to the defendant.   . . .

RCW 7.70.100(1).

Plaintiff did not serve a pre-suit notice on Ms. Holloway as required under the statute.  Furthermore, Plaintiff did not file a

ORDER - 2

Certificate of Merit as required by RCW 7.70.150.[1] As a result, Defendant Holloway's motion for summary judgment is granted and Plaintiff's claims against Ms. Holloway are hereby dismissed based on these procedural deficiencies.

**REMAINING DEFENDANTS' MOTION FOR SUMMERY JUDGMENT**

With respect to the claims against the remaining Defendants, Grant County Jail, Lt. Adler, Officer Harrington and Officer Myers, Plaintiff alleges that he was denied proper medical care and that he was the victim of excessive force. Based on the Statement of undisputed facts in support of the instant summary judgment motion, there is no evidence that Plaintiff's injuries were caused maliciously or sadistically. Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

There is no question that the jail was experiencing a riot and plaintiff, whether actively participating or not, was in the area of the rioters and not locked down as requested. Declaration of Adler, ¶7. The force used by Defendants was reasonable and according to their training. There is simply no evidence of sadistic or malicious behavior. Plaintiff received an elbow injury when he tripped over his mattress that another inmate had left on the floor. Plaintiff states that he also hit his elbow on a door frame when being led out of a cell. Plaintiff admits in his deposition, however, that the officers did not intend for him to hit his elbow. Plaintiff's Deposition, p.

---

[1] RCW 7.70.150(5)(a) reads: Failure to file a certificate of merit that complies with the requirements of this section is grounds for dismissal of the case.

ORDER - 3

26.

Finally, the undisputed facts indicate that there is no evidence that jail officials were deliberately indifferent to a serious medical need. The evidence reveals that the Defendants did not even know of an "excessive risk" to Plaintiff's health. The undisputed facts indicate that Plaintiff didn't inform the jail of his condition until seven (7) months after the fact. Further, jail personnel had watched plaintiff lifting weights prior to the first grievance concerning medical care. There was nothing in his behavior to suggest a serious medical condition. Plaintiff received access to medical care whenever he requested it. See Adler Decl.; Plaintiff's Deposition Excerpts. There is no evidence that medical personnel were negligent in their treatment of the Plaintiff or even "deliberately indifferent." *See* Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1988); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). As such, and according to case law, Plaintiff's claim fails.

**CONCLUSION**

Plaintiff has failed to file a response despite an extension granted by the Court to do so. Pursuant to Local Rule 7.1 (h)(5), the failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default. The Court, having reviewed the moving papers filed by Defendants, finds that the Motions for Summary Judgment should be granted for substantive reasons as well.

ORDER - 4

Accordingly,

**IT IS ORDERED**:

1. Defendant Kathleen Holloway's Motion for Summary Judgment, **Ct. Rec. 29**, filed on February 26, 2008 is **GRANTED.**

2. Defendants Kerri Adler, Grant County Jail, Ray Harrington, and Scott Myers' Motion for Summary Judgment, **Ct. Rec. 42**, filed May 27, 2008 is **GRANTED**. Plaintiff's claims against all Defendants are **DISMISSED with prejudice**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and shall forward copies to counsel and the Plaintiff. The Clerk shall enter judgment consistent with this order.

**DATED** this 8th day of July, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 5